LeMire, J., dissenting: I disagree with the majority opinion on the res judicata issue and respectfully submit my dissent herein. The identical issue of the validity of the partnership was before the Board of Tax Appeals in the proceeding of Joe Lynch, Docket No. 102149 (Memorandum Opinion, April 17, 1941), with respect to the year 1937, the first year of the agreement’s operation. There has been no change in the controlling facts since that time. In the earlier proceeding the Board held the partnership to be valid, stating: In the instant case no bad faitb has been charged nor shown to have existed in connection with the organization of the partnership. The purpose and intention of the parties, as shown by the record, establishes that the agreement of July 1, 1937, was in fact a bona fide agreement between petitioner and his three daughters, whereby he was to give to each of them an interest in his business and the assets thereof; the four of them as co-partners were to carry on the men’s clothing business for profit; the four of them were to have equal capital interests in the business at the start thereof on July 1, 1937; and, also, the four of them were to have equal distributive shares of the net profits derived from that business. * * * The partnership agreement, the setting up of the capital accounts of each of the four partners on July 1, 1937, and the subsequent entries of debits and credits on their respective accounts on the partnership books sufficiently evidenced petitioner’s completed gift to each of his three daughters and their ownership of a one-fourth interest in the clothing business and property from which the income here in question was produced. * * * This decision was not appealed by the Commissioner and became final in due course. The respondent takes the position, relying upon Commissioner v. Sunnen, 333 U. S. 591 (1948), that the doctrine of res judicata is not applicable here because the law has been changed by decisions of the United States Supreme Court in Commissioner v. Tower, 327 U. S. 280 (1946); Lusthaus v. Commissioner, 327 U. S. 293 (1946); and Commissioner v. Culbertson, 337 U. S. 733 (1949), decided subsequently to our decision in the prior proceeding. He states in his brief: Respondent contends that the legal principles relating to family partnerships developed in Commissioner v. Culbertson, supra; Commissioner v. Tower, supra; and Lusthaus v. Commissioner [supra] * * * have made plain the error of the Board’s conclusion in the earlier proceeding. These cases altered the law governing the validity of family partnerships for tax purposes. Therefore the doctrine of collateral estoppel is inapplicable in the instant proceeding. * * * The majority opinion sustains respondent’s contention. On the facts in this case, I do not believe that the rule of the Sunnen case is susceptible of the broad application urged by the respondent. The Court made it plain in its opinion in the Sunnen case that the doctrine of res judicata, or equitable estoppel, precluded the reopening of an essential question of fact, once litigated and determined. It said: Of course, where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different. See The Evergreens v. Nunan, 2 Cir., 141 F. 2d 927. * * * Even under the new tests which the Supreme Court’s subsequent decisions are said to have established, one of the essential facts to be determined, along with the question of the validity of the gift of an alleged partnership interest, is the true intent of the parties; that is, “whether, considering all the facts * * * the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise.” Commissioner v. Culbertson, supra. We determined in the prior proceeding that there was a valid gift by the petitioner of capital interests in the business to his daughters and that the parties in good faith intended to carry on the business as equal partners. Since, under the rule of the Sunnen case, we are not at liberty to reopen our inquiry as to those facts, the ultimate question of the validity of the partnership is likewise foreclosed. We should therefore sustain the petitioner on the res judicata issue. Kern, Murdock, and Bruce, /</., agree with this dissent.